UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARQUISE J. JENKINS,

    Plaintiff,

v.                                    Case No. 5:19-cv-40-TKW/MJF

S. PAYNE, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This *pro se* civil rights action is before the court upon referral of the clerk of the court. For the reasons set forth below, the undersigned recommends that this case be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because Plaintiff's amended complaint fails to state a claim upon which relief can be granted.[1]

## I.    Procedural Background

Plaintiff is an inmate of the Florida Department of Corrections ("FDC"). He commenced this suit and named fourteen defendants: (1) Julie Jones; (2) Warden Payne; (3) the Office of Inspector General; (4) S. Ponder, assistant warden; (5) C.D.

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 15

Dube; (6) S. Williams; (7) S.C. Dupree; (8) R.K. Walsingham; (9) H.A. Smith; (10) Hutchinson; (11) Jeff Beach; (12) K. Bruch; (13) A. Richards; and (14) Sergeant Kirk. (Doc. 1).

The undersigned reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A and 1915 and issued an order directing Plaintiff to amend his complaint because he failed to state a claim against these Defendants. (Doc. 7). Plaintiff, thereafter, filed his first amended complaint, in which he alleges violations of his (1) Fourteenth Amendment right to due process of law; (2) Fourteenth Amendment right to equal protection; and (3) Eighth Amendment Right to be free from cruel and unusual punishments. (Doc. 17).

The undersigned screened the amended complaint. (Doc. 19). The amended complaint suffered from several deficiencies and failed to state a claim against each Defendant. Accordingly, the undersigned again directed Plaintiff to amend his complaint. (*Id.*). The undersigned provided Plaintiff until July 16, 2020, to comply with the order. (*Id.*).

After the deadline to amend his complaint elapsed and Plaintiff failed to comply, the undersigned issued an order to show cause, (Doc. 21), and Plaintiff filed a motion seeking an extension of time to comply. (Doc. 23). The undersigned granted the motion and provided Plaintiff until September 11, 2020, to comply. As of the date of this report and recommendation, Plaintiff has not complied with the

court order. Thus, the operative complaint fails to state a claim for relief and this action should be dismissed.

## II.     Factual Background

Plaintiff alleges that on February 28, 2018, a fellow inmate (Inmate Woods) was stabbed five times. (Doc. 17 ¶ 3). While Plaintiff was being escorted to visitation, Plaintiff passed by correctional officers treating Inmate Woods. (*Id.* ¶ 4). Two correctional officers asked Plaintiff if Plaintiff had been involved in the stabbing, and Plaintiff responded "no." Plaintiff asserts that Defendant Beach later issued Plaintiff an allegedly false disciplinary report for aggravated assault on an inmate, which was related to the stabbing of Inmate Woods. (*Id.* ¶¶ 5-8).

Plaintiff alleges that Defendant Bruch refused to let Plaintiff call exculpatory witnesses or provide exculpatory video recordings. (Doc. 17 ¶¶ 9-12). Plaintiff also asserts that Defendants Smith and Dupree refused to allow Plaintiff to call witnesses at the discplinary hearing. (*Id.* ¶¶ 16-18). Defendants Smith and Dupree found Plaintiff guilty of the infraction. (*Id.* ¶ 19). Finally, Plaintiff asserts that Defendants Payne and Ponder were aware that Plaintiff was unable to call witnesses on his behalf, but they failed to review the D/R hearing to ensure Plaintiff received adequate due process. (*Id.* ¶¶ 23-27). Plaintiff asserts that as a result of being found guilty he lost the right to programs such as church, visitation, school, recreation, and the right to remain in open population. (*Id.* ¶ 32A). As relief, Plaintiff seeks punitive

damages, expungement of the disciplinary report from his institutional file, and restoration of all rights and privileges. (*Id.* at 17).

## III.    Standard

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant

acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### IV.  Discussion

**A.  <u>Due Process Claims</u>**

The Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. To state a claim for denial of the right to due process, a prisoner must show there was: (1) a deprivation of a constitutionally protected property or liberty interest; (2) state action; and (3) a constitutionally-inadequate process.

*Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011)*; Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003); *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).

### 1. *Protected Liberty Interests*

In the prisoner-plaintiff context, oftentimes a protected liberty interest is lacking "because prisoners have already been deprived of their liberty in the ordinary sense of the term." *Jacoby v. Baldwin Cty.*, 835 F.3d 1338, 1346 (11th Cir. 2016) (quoting *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999)). In *Sandin v. Connor*, 515 U.S. 472 (1995), the Supreme Court provided the "test for determining whether a convicted inmate has a protected liberty interest." *Jacoby*, 835 F.3d at 1346. "This test examines the hardship imposed on the inmate relative to the 'basic conditions' of prison life." *Id.* at 1346-47 (quoting *Sandin*, 515 U.S. at 485). Pursuant to this test, "a convicted inmate is entitled to procedural due process in two circumstances." *Id.* at 1347.

"First, he is entitled to a measure of procedural due process when an increased restraint 'exceed[s] [his] sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Id.* (quoting *Sandin*, 515 U.S. at 484). Second, the inmate "is entitled to a measure of procedural due process when a change in his conditions of confinement 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.*

(quoting *Sandin*, 515 U.S. at 484); *see Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir. 1991) ("[T]he Due Process Clause does not directly protect an inmate from changes in the conditions of his confinement, . . . as long as the condition to which the prisoner is subjected is not otherwise violative of the Constitution or outside the sentence imposed upon him. . . .").

In *Sandin*, "the Supreme Court held that placing a convicted inmate in segregated confinement for thirty days as discipline was not 'a dramatic departure from the basic conditions of [the inmate's] determinate sentence.'" *Jacoby*, 835 F.3d at 1347 (quoting *Sandin*, 515 U.S. at 485). Requiring an inmate to serve 30 days in disciplinary confinement did not give rise to a protected liberty interest because "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin*, 515 U.S. at 485. Accordingly, the Court determined that the inmate "was not entitled 'to the procedural protections" set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), "before being placed in segregation." *Jacoby*, 835 F.3d at 1347 (quoting *Sandin*, 515 U.S. at 487). "Said another way, convicted inmates have *no right to a due process hearing* before being punished for disciplinary infractions unless the punishment is demonstrably harsher than the ordinary conditions of prison life." *Jacoby*, 835 F.3d at 1347 (emphasis added).

Here, Plaintiff's factual allegations fail to show that Plaintiff was deprived of a constitutionally-protected liberty interest. Plaintiff alleges that he was placed in administrative confinement for a period of eighteen months,[2] but he does not allege that the conditions in administrative confinement were a drastic departure from the ordinary conditions of confinement or a major disruption in the plaintiff's environment.[3] Courts must weigh both the length of the confinement and the conditions to determine whether placement in administrative confinement sufficiently raises a protected liberty interest. No violation of due process rights occurs when a plaintiff is placed in administrative confinement even for periods exceeding two years if the conditions in administrative confinement are similar to those in open population. *Al-Amin v. Donald*, 165 F. App'x 733, 738 (11th Cir. 2006) (holding that prisoner's "[c]onfinement to administrative segregation, under conditions similar to those experienced by the general population of prison," for a total period of thirty months does "not implicate liberty interests"); *see Morefield v.*

---

[2] Under FDC regulations, the maximum penalty for an aggravated assault on an inmate is 60 days of disciplinary confinement and the loss of all good time. *See* Fla. Admin. Code. R. 33-601.314. It is unclear, therefore, whether Plaintiff was sentenced to eighteen months of disciplinary confinement based on the purportedly false DR or if there were other factors that resulted in Plaintiff's term of administrative confinement. Regardless, at this stage of the analysis, the court must presume that Plaintiff's allegations contained in his amended complaint are true.

[3] The FDC's administrative policy describing the condition of administrative confinement suggests that the conditions are substantially the same as those experienced by the general prison population. *See* Fla. Admin. Code. r. 33-602.220.

*Smith*, 404 F. App'x 443, 446 (11th Cir. 2010) (holding that four years in administrative confinement "did not tip the balance in favor of establishing a liberty interest" because the conditions were "generally equivalent to general prison population conditions).

Similarly, it is well established that there is no absolute constitutional right to visitation. *Evans v. Johnson*, 808 F.2d 1427, 1428 (11th Cir. 1987). In fact, "the Supreme Court has held that an inmate does not have a liberty interest in or right to 'unfettered visitation' and thus denial of visitation is not protected by the Due Process Clause." *Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 F. App'x 890, 893-94 (11th Cir. 2015) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989)). Thus, the withdrawal of visitation privileges for a period does not present a dramatic departure from the basic conditions of confinement within Plaintiff's sentence. *Id.* A temporary loss of visitation privileges, therefore, does not entail a sufficient liberty interest to constitute a deprivation of due process of law.

Finally, Plaintiff's mere conclusory assertion that he was deprived of recreation and educational opportunities is not sufficient to allege an atypical and significant hardship. *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Samford v. Staples*, 249 F. App'x 1001, 1004 (5th Cir. 2007); *Coleman v. Danforth*, No. CV 316-095, 2019 WL 498795, at *11 (S.D. Ga. Feb. 8, 2019); *Hibbert v. Harris*, No. 5:15-cv-15-MW-GRJ, 2016 WL 4059148, at *6 (N.D. Fla. June 28, 2016). Because Plaintiff

failed to identify a deprivation of a liberty interest, Plaintiff has failed to state a due process claim.

### 2.   *Disciplinary Report Expungement and Restoration of Rights*

Plaintiff also seeks expungement of the discplinary report and "restoration of his rights and privileges." Although Plaintiff does not specify what rights and privileges he wants restored, in his initial complaint, Plaintiff requested that the FDC restore to Plaintiff all gain time that he could have earned from March 21, 2018, to the date he filed this action, and all other gain time that FDC took from Plaintiff. (Doc. 1). It is unclear whether Plaintiff is still seeking this relief. To the extent that he is, Plaintiff may not use this section 1983 action to expunge the disciplinary report or recover forfeited gain time. Only habeas actions can provide relief that entails a speedier release from prison. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Therefore, to the extent Plaintiff is seeking expungement of the discplinary report and to reinstate his good time credit, Plaintiff must seek such relief through a habeas petition. *See id.*

### B.   Equal Protection Claims

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection Clause, a prisoner generally must allege "that (1) he is similarly situated to other

prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against [him] based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y, Dep't of Corrs.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006); *see Morrisey v. United* States, 871 F.3d 1260, 1270 (11th Cir. 2017).

Thus, in order to assert a viable equal protection claim, a plaintiff must first make a threshold showing that he was "similarly situated in relevant aspects to those who received more favorable or different treatment." *Robinson v. Eichenlaub*, No. 5:08-cv-335-SPM-EMT, 2009 WL 2781359, at *4 (N.D. Fla. Aug. 28, 2009) (citing *Campbell v. Rainbow City, Ala.*, 424 F.3d 1306, 1314-17 (11th Cir. 2006)); *Oliver v. Scott*, 276 F.3d 736, 746-47 (5th Cir. 2002) (rejecting equal protection claim where security-related policy treated male and female prisoners differently because male prisoners in a certain prison were more numerous and had been convicted of more violent offenses). Conclusory allegations or "bare allegations that 'other' [inmates], even 'all other' [inmates], were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these 'other' [inmates] were situated similarly to Plaintiff." *See GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1367-68 (11th Cir. 1998); *Coon v. Ga. Pac. Corp.*, 829 F.2d 1563, 1569 (11th Cir. 1987).

Additionally, a plaintiff must allege that the defendants acted with intent to discriminate against him. Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. *See GJR Inv., Inc.*, 132 F.3d at 1367-68 (finding that allegations that defendants' actions were "arbitrary and capricious in that [they] acted with an improper motive, without reason or upon a reason that was merely pretextual" was insufficient to state a claim).

Here, Plaintiff's complaint lacks any allegation that other similarly-situated prisoners received more favorable treatment. Plaintiff also failed to allege that the state acted discriminatorily based on Plaintiff's membership in a protected class. He also failed to allege that any such discrimination was intentional. Therefore, in multiple ways, Plaintiff has failed to state a claim under the Equal Protection Clause.

**C.    Eighth Amendment Claim**

The Eighth Amendment prohibits infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement.").

Although the Eighth Amendment does not require comfortable prisons, it prohibits inhumane ones. *Farmer*, 511 U.S. at 832; *Chandler*, 379 F.3d at 1289

(quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Thus, prison officials "must provide humane conditions of confinement; [they] must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

"The Supreme Court has developed a two-part analysis to govern Eighth Amendment challenges to conditions of confinement." *Chandler*, 379 F.3d at 1289. Under this standard, the inmate must allege both an objective component, which requires that the conditions be "sufficiently serious," and a subjective component, which requires that the officials acted with "deliberate indifference to prisoner health or safety." *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994) (internal quotes omitted).

In establishing whether a condition is "sufficiently serious," the Supreme Court has said that "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotes omitted); *see also Harris v. Thigpen*, 941 F.2d 1495, 1511 (11th Cir. 1991) (basic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety). Thus, "the challenged condition must be 'extreme,'" and a "prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler*, 379

F.3d at 1289, 1295 (citing *Hudson*, 503 U.S. at 9). This objective component is contextual and responsive to "contemporary standards of decency." *Hudson*, 503 U.S. at 8 (quoting *Estelle*, 429 U.S. 97, 103 (1976)). Both the duration and severity of prison conditions also are relevant to the determination of whether the Eighth Amendment has been violated. *See Chandler*, 379 F.3d at 1295.

In addition, a plaintiff must allege that the prison officials acted "'with a sufficiently culpable state of mind' with regard to the condition at issue." *Chandler*, 379 F.3d at 1289 (citing *Hudson*, 503 U.S. at 8). In the Eighth Amendment context, this requires that the prison official acted with deliberate indifference. *Farmer*, 511 U.S. at 837; *Chandler*, 379 F.3d at 1289. Thus, a plaintiff must allege facts that show that the officials "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Mere negligence is insufficient to establish a violation of a plaintiff's Eighth Amendment rights. *Chandler*, 379 F.3d at 1289 (citing *Wilson v. Seiter*, 501 U.S. 294, 305 (1991)).

Here, Plaintiff's complaint fails to allege that his conditions of confinement were sufficiently deleterious to constitute a violation of the Eighth Amendment. In fact, none of his allegations relate to the conditions in which he was confined.

Accordingly, Plaintiff's conclusory statement that his Eighth Amendment rights were violated is insufficient to state a claim for relief.

## V.     Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.   This case be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.

2.   The clerk of court be directed to close this case file.

At Panama City Beach, this 24th day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**